**In re Mark BUTTERFIELD, Esq.**

[750 A.2d 439]

No. 99-531

January 27, 2000. Pursuant to the recommendation of the Professional Conduct Board filed December 3, 1999, and approval thereof, it is hereby ordered that Mark Butterfield, Esq. be publicly reprimanded for the reasons set forth in the Board's report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

*Procedural History*

On March 23, 1999, the Office of Bar Counsel ("OBC") filed petitions of misconduct against respondent (File Nos. 98.29 and 99.03). Respondent received copies of the two petitions by certified mail on March 23, 1999. Respondent did not answer the petition within 20 days as required by the rules, and on April 19, 1999, the OBC moved to have the charges deemed admitted. On May 4, 1999, the hearing panel granted the OBC's April 19, 1999 motion.*

---

*Two days after the panel granted the motion to admit, respondent, on May 6, 1999, filed an answer. In his answer, respondent admitted all of the material factual allegations of misconduct. Re-

The hearing panel held a sanctions hearing on June 4, 1999. Respondent and Mr. Kennedy, deputy bar counsel, attended. At the close of the hearing the parties asked the hearing panel to postpone its decision until after the parties could submit a joint filing setting forth joint representations made by the parties at the hearing.

On June 10, 1999, the parties submitted their joint filing. In the filing, respondent admitted the facts set forth in the fact sections of this decision, and advised the hearing panel of the following:

a. The respondent's license to practice law is up for renewal on July 1, 1999.

b. The respondent does not intend to renew his license and has previously informed the hearing panel that he will not renew it.

c. The respondent intends to close his practice as soon as possible.

d. Pending the closing of his practice, the respondent will employ a mentoring attorney who will assist him in preparing an inventory of all his files.

e. As part of the inventory of his files, the respondent agrees to present bar counsel, the panel, and the board a plan for closing down his practice. That plan will include, but not be limited to, the respondent withdrawing from all pending cases. The respondent will provide the plan to bar counsel no later than June 18, 1999.

f. The close down plan will also include, but not be limited to, a detailed plan of how the respondent will protect the interests of each current client. The plan will specify how the respondent will notify each client that he is closing his practice and will specify how the

---

spondent never filed a motion to reconsider the panel's May 4, 1999 ruling.

respondent will transfer each file to another attorney or assist the client in finding another attorney.

g. The respondent agrees to present bar counsel and the board a complete financial accounting, including trust account information, of his practice. The respondent will provide the accounting to bar counsel no later than June 18, 1999.

h. The respondent agrees not to take any new clients or cases pending the closing of his practice.

i. The respondent agrees to purchase, if available, prior act coverage as part of his malpractice insurance.

j. On June 4, 1999, at a hearing before the panel, the respondent agreed to meet with Attorney John Webber no later than June 7, 1999, to address issues about the respondent's current condition. The respondent met with Attorney Webber on June 7 and 9, and plans on meeting with him again.

k. On June 4, 1999, at a hearing before the panel, the respondent agreed to seek medical attention and to have visited a doctor or mental health professional by June 11, 1999. The respondent sought and received medical help. He met with his general physician as well as with doctors at the Dartmouth Hitchcock Medical Center. In addition, the respondent's physician arranged an appointment with a mental health professional.

The parties also advised the hearing panel that they "agreed that a public reprimand is the appropriate sanction" in the petitions pending before the hearing panel.

On June 12, 1999, respondent filed a partial waiver of procedural right and reservation of partial rights.

OBC has advised the hearing panel that respondent has followed through with each of the representations contained in the joint filing, except for paragraph f. OBC is in the process of following up with respondent regarding paragraph f of the filing.

The hearing panel, on August 31, 1999, accepted the June 10, 1999 filing and issued its report recommending a public reprimand.

The board hereby adopts the following facts and conclusions, and makes the following recommendations:

### Facts — PCB File No. 98.29

a. In 1993, and over the next three years, respondent was retained by and represented Ms. Filioe in an attempt to receive Social Security Disability Benefits.

b. Ms. Filioe's claim was denied, and it was decided to appeal the decision.

c. On December 5, 1996, the U.S. District Court for the District of Vermont denied Ms. Filioe's appeal.

d. In February 1997, respondent filed an appeal with the U.S. Court of Appeals for the Second Circuit, which lacked various forms that were required by the court's civil appeal management plan.

e. The court informed respondent that the appeal would be dismissed if the forms were not filed. Respondent failed to file the forms.

f. On February 28, 1997, the Second Circuit Court of Appeals dismissed Ms. Filioe's appeal due to failure to comply with the requirements of the civil appeal management plan.

g. Respondent did not tell Ms. Filioe that her appeal had been dismissed, nor did respondent return messages left by Ms. Filioe.

h. In July 1997, Ms. Filioe called the District Court for information on her case. She was told that the case was dismissed because the appeal did not include the required forms.

i. On September 20, 1997, Ms. Filioe filed a complaint with the Office of Bar Counsel.

j. On September 30, 1997 and November 20, 1997, OBC asked the respondent, in writing, to respond to Ms. Filioe's allegations.

k. On December 15, 1997, OBC received respondent's response. The response did not address the claim that respondent neglected the appeal filed with the Second Circuit.

l. On January 12, 1998, January 23, 1998 and February 10, 1998, OBC asked the respondent, in writing, whether he had returned the file to complainant. No response was received.

m. In December 1997, complainant contacted OBC to advise that she had received her file from respondent.

### Facts — PCB File No. 99.03

a. Respondent was retained to represent Gregory Wolf of Poultney, Vermont, in a case involving one of Mr. Wolf's former tenants. Gregory Wolf's father, Martin Wolf, is an attorney in Connecticut.

b. Attorney Wolf advanced the requested $1,200.00 retainer to respondent on behalf of his son. One-half of this retainer was to be refunded to Attorney Wolf upon agreement with respondent, if the case settled before trial, which it did.

c. In April 1998, respondent sent Attorney Wolf a check in the amount of $500.00, which was $100.00 short of the agreed-upon $600.00.

d. After being deposited, the check was returned to Attorney Wolf marked "insufficient funds."

e. Respondent stated in a message to Attorney Wolf that he would send him the $100.00 in addition to the $500.00 check already sent. The check was returned marked "insufficient funds." Respondent did not make good on the money owed to the Wolfs.

f. On May 15, 1998, the OBC received an ethics complaint from Attorney Wolf.

g. By letters dated May 22, 1998, June 22, 1998 and July 21, 1998, OBC asked respondent to answer the allegations in the complaint. No answer was provided.

h. In a letter dated October 23, 1998, OBC asked respondent to answer the allegations in the complaint no later than November 9, 1998.

i. On November 6, 1998, respondent left a message on OBC's voice mail stating that he was placing his response in the mail that day.

j. On November 12, 1998, respondent left a message on OBC's voice mail. He stated that his answer had not been mailed on November 6, but that he would be sending it overnight mail that day.

k. By December 15, 1998, OBC had not received respondent's answer.

l. By letter dated December 5, 1998, OBC asked respondent to answer the allegations in the complaint. To date, no answer has been provided.

### CONCLUSION

As to PCB File No. 98.29, it is found that respondent violated DR 6-101(A)(3) of the Code of Professional Responsibility, which states that a lawyer shall not neglect a legal matter that has been entrusted to him.

As to PCB File No. 99.03, it is found that respondent violated DR 1-102(A)(7) of the Code of Professional Responsibility. Respondent reveals a disregard for his duty to the client, which reflects on his fitness to practice law. Respondent violated DR 9-102(B)(4), which requires an attorney, upon request, to promptly pay to the client any funds in the lawyer's possession that the client is entitled to receive. Respondent also violated DR 1-102(A)(5) by failing to respond to requests from bar counsel.

The board finds that a public reprimand is the appropriate sanction in these matters. While a suspension might be an appropriate sanction, given the underlying facts, the board is not considering this sanction because respondent has taken appropriate steps to address the issues that brought about these violations.